Trippe, Judge.
1. Whilst it would have been more in accordance with the usual form to have added to the judgment the words, “in the hands of, etc., to be administered,” yet those words are not required by section 3515 of the Code. It says, that in such a case as this “the judgment must be de bonis testatoris.” The law presumes the assets to be in the hands of the represen *312 tative, when no plea is filed and judgment is rendered *against him. It is only in cases where a plea of plene administravit is filed and sustained, that it is necessary to specify in the verdict and judgment that the debt shall be levied of the goods and chattels, etc., quando acciderint. In the first case, by the verdict and judgment, the assets are in the hands of the administrator by presumption of law; in the latter, the verdict and judgment show that there are no assets in his hands.
2. Section 3514 of the Code, requiring the relation of the parties under the contract sued on, where there are sureties or indorsers, to be designated in the judgment, was intended for the benefit of the surety or indorser. If such surety or indorser discharge the judgment, he could have the control of it for his reimbursement out of the maker or principal, without delay in procuring an order of Court. A compliance or noncompliance with this, cannot benefit or injure the principal. In this case, the levy is made on the property of the principal. It can make no difference with him whether the indorser is designated as such or not. Had this been a case of a levy on the property of the indorser, and the point been made by him, it would have presented a different question.
Judgment affirmed.